IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01707-BNB

JOHN BOYD BOWRING,

    Plaintiff,

v.

BOBBY BONNER, Warden KCCC/CCA,

    Defendant.

---

ORDER OF DISMISSAL

---

    Plaintiff, John Boyd Bowring, is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Bowring, acting *pro se*, filed a Prisoner Complaint (ECF No. 13) pursuant to 42 U.S.C. § 1983, the Fair Labor Standards Act (FLSA), and various other statutes. He also filed an opening brief (ECF No. 4), a motion to amend the brief (ECF No. 15), and an attached amendment. The motion to amend will be granted.

    In his opening brief, Mr. Bowring asks for money damages, and in the Prisoner Complaint he seeks back pay, wages, and habeas corpus relief (his release from prison) or injunctive relief (the production of legal valid documents for the detention of him and his property).

    Mr. Bowring has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks

monetary relief against a defendant who is immune from such relief.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Under § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law.  *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150 (1970).

Mr. Bowring is cautioned that his ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(g).  Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute.  *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Bowring's Prisoner Complaint liberally because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110.  However, the Court does not act as an advocate for a *pro se* litigant.  *See id*.  For the reasons stated below, the Prisoner Complaint and the action will be dismissed.

Mr. Bowring challenges the legality of his conviction and sentence on the basis

that the prison where he is incarcerated took possession of him, "sui juris (flesh & blood Man)," absent legally valid documents and exploited him to work without pay in violation of the FLSA on behalf of his "employer," the Corrections Corporation of America (CCA). ECF No. 13 at 4. He contends CCA owns and operates the Kit Carson Correctional Center pursuant to a contract with the DOC. ECF No. 10 at 1. It is unclear whether his reference to his "personal and intellectual property," ECF No. 13 at 4, seized by CCA refers to himself or to inanimate property. The Court will discuss both.

Mr. Bowring's request for relief in the form of back pay and wages is based on his claims of an FLSA violation. Mr. Bowring's attack on his prison employment pursuant to the FLSA is without merit. It is well-settled in the Tenth Circuit that a prison inmate is not an employee under Title VII in connection with job assignments. *See Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1994). The Tenth Circuit also has stated, in examining whether state prisoners were employees under the FLSA, that the economic reality test for determining whether a person is an employee within the meaning of the FLSA was not intended to apply to work performed in prison by a prison inmate. *Franks v. Oklahoma State Industries*, 7 F.3d 971, 973 (10th Cir. 1993). Prisoners assigned to private industry operating on prison premises also are not employees under the FLSA. *See Rhodes v. Schaefer*, No. 98-3323-GTV, 2002 WL 826471, at *4 (D. Kan. Mar. 20, 2002) (unpublished). Therefore, Mr. Bowring's FLSA claims are meritless, and will be dismissed as legally frivolous.

Mr. Bowring's claim under the Fourteenth Amendment for confiscating his inanimate personal and intellectual property also lacks merit. The United States Constitution guarantees due process when a person is deprived of life, liberty, or

property.  *See Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994).  However, "the United States Supreme Court has held that neither negligent nor intentional deprivations of property under color of state law that are random and unauthorized give rise to a § 1983 claim where the plaintiff has an adequate state remedy . . . ."  *Gillihan v. Shillinger*, 872 F.2d 935, 939 (10th Cir. 1989), *overruled on other grounds by Clark v. Wilson*, 625 F.3d 686, 691 (10th Cir. 2010); *see also Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (finding that an unauthorized intentional deprivation of property does not violate due process if an adequate postdeprivation remedy for the loss is available).

Further, a prison grievance procedure is an adequate postdeprivation remedy if the grievance procedure provides a meaningful remedy.  *See Hudson*, 468 at 536 & n.15; *Williams v. Morris*, 697 F.2d 1349, 1351 (10th Cir. 1982).  Mr. Bowring alleges that he has exhausted available administrative remedies.  ECF No. 13 at 8.  The fact that Mr. Bowring's administrative grievances may not have been successful, by itself, does not mean that the grievance procedure was not an adequate remedy.  To the extent Mr. Bowring may be arguing that the DOC grievance procedure was not available to him, the Court notes Mr. Bowring also has an adequate remedy available in state court under state law.  *See, e.g.*, *Cooper v. Belcher*, 2010 WL 3359709, at *15 (D. Colo. Aug. 25, 2010) (unpublished) (noting that "[a]dequate state remedies are not limited to the filing of grievances, but include filing complaints in state court." ).  The inanimate property deprivation claim will be dismissed as legally frivolous.

Mr. Bowring's sole federal remedy insofar as he seeks the dismissal of his state court criminal conviction and sentence and his release from custody is a writ of habeas corpus, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after he exhausts state

court remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). Habeas corpus claims may not be raised in a § 1983 action. Rather, they must be pursued in an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* § 2254(b)(1)(A); *Preiser*, 411 U.S. at 499 n.14. Mr. Bowring does not allege, and nothing in the Court file indicates, he has invalidated his conviction through a writ of habeas corpus.

To the extent Mr. Bowring is challenging the basis for and validity of his criminal conviction and sentence, the claims must be dismissed as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. As previously stated, Mr. Bowring does not allege that he has invalidated his conviction and sentence through a writ of habeas corpus.

Although Mr. Bowring's claims for damages included in his opening brief may be asserted in a § 1983 action, *Heck* applies "when the concerns underlying *Heck* exist," which include "those claims that would necessarily imply the invalidity of [the] conviction." *See Lawson v. Engleman*, 67 Fed. App'x 524, 526 n.2 (10th Cir. 2003) (unpublished) (citing *Beck v. City of Muskogee Police Depot*, 195 F.3d 553, 557 (10th Cir. 1999)). "[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the

prisoner's suit (state conduct leading to conviction or internal prison proceedings) – *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration") (emphasis in original).  *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Because of the nature of Mr. Bowring's allegations, his request for injunctive relief necessarily implies the invalidity of his conviction.  See *Lawson*, 67 Fed. App'x at 526 n.2 (citing *Kutzner v. Montgomery Cnty.*, 303 F.3d 339, 341 (5th Cir. 2002) (noting that claims seeking to attack the fact or duration of confinement "must be brought as habeas corpus petitions and not under § 1983").  Success on Mr. Bowring's claims would necessarily spell speedier release or demonstrate the invalidity of his confinement or its duration.

Therefore, the Court finds that Mr. Bowring's claims challenging the validity of his state court criminal conviction and sentence are barred by the rule in *Heck*.  The dismissal on this ground will be without prejudice.  *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).  However, a *Heck* dismissal counts as a strike under § 1915(g).  *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Mr. Bowring files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the motion to amend the opening brief (ECF No. 15) filed on July 22, 2013, is granted. It is

FURTHER ORDERED that Plaintiff's Fourteenth Amendment due process claims for the deprivation of inanimate property and claims pursuant to the Fair Labor Standards Act for back pay and wages are dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). It is

FURTHER ORDERED that Plaintiff's claims challenging his conviction and sentence are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this   18th   day of      September      , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court